UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

JULIUS A.H. BALDWIN, IV,      :    Civil No. 15-3130 (JBS/AMD)
                              :
          Plaintiff,          :
                              :              **OPINION**
          v.                  :
                              :
CITY OF ATLANTIC CITY, ET AL. :
                              :
          Defendants.         :


**APPEARANCES**:

HERBERT MCDUFFY, JR., ESQ.
200 Campbell Drive, Suite 240
Willingboro, New Jersey 08046
          Counsel for Plaintiff

LAW OFFICES OF RILEY & RILEY
By:  Tracy Riley, Esq.
100 High Street, Suite 302
Mt. Holly, New Jersey 08060
          Counsel for Defendant Officers Devlin, Karins, and
          Hembrecht

BARKER,GELFAND & JAMES
By:  A. Michael Barker, Esq.
Linwood Greene
210 New Road, Suite 12
Linwood, New Jersey 08221
          Counsel for Defendant City of Atlantic City


**SIMANDLE,** Chief Judge:


I.   INTRODUCTION

     In this § 1983 suit, Plaintiff Baldwin asserts that Atlantic

City police officers violated his constitutional rights during

Baldwin's arrest.  Specifically, Baldwin alleges the police officers used excessive force when they severely beat him and allowed their police dog to bite him several times, all allegedly after Baldwin was handcuffed.

Presently before the Court is Defendant City of Atlantic City's Motion to Dismiss the single *Monell* failure to train claim asserted against it (Count IV of the Complaint).  For the reasons stated herein, the Court holds that Count IV of the Complaint fails to plead sufficient facts to plausibly support a conclusion that the City was deliberately indifferent to a manifest need for training.  However, Baldwin will be allowed an opportunity to amend his Complaint to attempt to cure the pleading deficiencies.

**II.   BACKGROUND**

The following facts are alleged in the Complaint.

On May 2, 2013, Baldwin was arrested by at least four Atlantic City police officers.  Baldwin admits that he initially ran from the police before being placed under arrest.  But he alleges that after initially running, he fell to the ground and "surrendered."  (Compl. ¶ 14)  After that point, the "beating frenzy" began.  (Id. at ¶ 16)  At least two or three officers "beat" Baldwin "with fists and clubs." (Id. at ¶ 15)  After Baldwin was handcuffed, the officers "continued to strike Baldwin," and "[a] police officer released a K-9 dog to attack Baldwin as he lay handcuffed on the ground.  The dog bit

2

Baldwin several times on the back of both of his legs." (Id. at ¶ 17)

"Baldwin was falsely charged with aggravated assault on a police officer and related crimes. Baldwin pleaded guilty to disorderly conduct in the Atlantic City Municipal Court." (Compl. ¶ 20)

Most directly relevant to the instant Motion to Dismiss, the Complaint states only the following with respect to the failure to train claim against Atlantic City:

- "The actions and conduct of the defendant police officers are the result of a policy, practice and deliberate indifference of the City of Atlantic City, New Jersey." (Compl. ¶ 1)

- "The unwarranted beating and dog bites inflicted upon Mr. Baldwin and the resulting injuries were a direct, proximate and foreseeable result of the City of Atlantic City's policies, customs and practices regarding the Atlantic City Police Department...." (Compl. ¶ 23)

- "Defendant[] City of Atlantic City . . . failed to properly train . . . Defendant Police Officers Calabrese, Devlin, Karins, Hembrecht and John Does." (Compl. ¶ 40)

- As a result of the aforementioned failure to train Defendants were grossly negligent, deliberately indifferent and reckless with respect to the potential violation of Mr. Baldwin's constitutional rights." (Compl. ¶ 41)

- Defendants' failures were the moving forces behind the actions of defendant police officers resulting in the injuries and permanent disfigurement of Plaintiff." (Compl. ¶ 42)

3

**III. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). While a court must accept as true all factual allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court *must* permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal citation and quotation omitted; emphasis added).

**IV.   DISCUSSION**

In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court described two possible theories supporting a failure to train claim.  First, a municipality may be liable when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *Id.* at 390.

Second, a municipality may be liable when "the police, in exercising their discretion, so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need."  *City of Canton*, 489 U.S. at 390 n.10. "Ordinarily, deliberate indifference for purposes of failure to train is demonstrated by a 'pattern of similar constitutional violations by untrained employees.'"  *Ewing v. Cumberland County*, No. 09-5432, 2015 U.S. Dist. LEXIS 37543 at *76 (D.N.J. March 25, 2015) (Simandle) (quoting *Connick v. Thompson*, 563 U.S. 51 (2011)).

To state a failure to train claim, a plaintiff must plead facts plausibly supporting the following inferences or conclusions: "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee

5

will frequently cause deprivation of constitutional rights." *Carter v. City of Philadelphia,* 181 F.3d 339, 357 (3d Cir. 1999).

The allegations of the Complaint regarding inadequate training fall short of this mark. At a minimum, "a § 1983 claim for failure to train requires some allegations from which the court can infer that the defendant failed to offer some specific training that would have prevented the deprivation of plaintiff's constitutional rights." *Lockhart v. Willingboro High School*, No. 14-3701, 2015 U.S. Dist. LEXIS 41501 at *21 (D.N.J. March 31, 2015) (Simandle) (citing *City of Canton* and *Reitz v. Cnty of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997)). The Complaint contains no such factual allegations at all. Rather the Complaint contains only brief and vague conclusory assertions that do not contain the factual grounds for such allegations.

Indeed, Plaintiff's counsel admits that the Complaint is the result of "less than optimal drafting," and "concedes that [including more factual] information in Count IV may have clarified Plaintiff's 'lack of training' claim and possibly precluded many of the Defendant's concerns set forth in support of its Motion to Dismiss." (Opposition Brief, p. 6, 8)  Plaintiff proposes to amend the complaint to add allegations relevant to establishing that there is a pervasive pattern of numerous Atlantic City police officers using excessive force during arrests.

6

The City of Atlantic City makes no argument against amendment.[1]

Plaintiff shall have an opportunity to amend.  Atlantic City's Motion to Dismiss Count IV of the Complaint will be granted, but Plaintiff will be given 20 days within which to file an Amended Complaint as to Count IV.

## V.   CONCLUSION

For the above-stated reasons, Defendant City of Atlantic City's Motion to Dismiss Count IV of the Complaint will be granted. Plaintiff will be granted leave to amend Count IV by filing an Amended Complaint that attempts to remedy the Count IV deficiencies within 20 days.

Date:   **January 26, 2016**            **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE,
                                        Chief U.S. District Judge

---

[1] Plaintiff has not filed a Proposed Amended Complaint.  The fact that the City does not expressly argue against amendment at this stage of the case will not estop the City from later moving to dismiss the Amended Complaint, so long as the motion complies with Fed. R. Civ. P. 11.

7